AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 27 2016

MATTHEW J. DYKMAN
CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Zachary Corneal Haulcy | ) | Case No. 16mj314 |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 15, 2016__ in the county of __Bernalillo__ in the __State and__ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, § 841 (a)(1), (b)(1)(A) | Possession with Intent to Distribute, 500 grams or more of Methamphetamine mixture, a controlled substance. |
| and | |
| Title 21, United States Code, § 841 (a)(1), (b)(1)(B) | Possession with Intent to Distribute, 100 grams or more of Heroin, a controlled substance. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Chris Martin, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: January 27, 2016

_____
Judge's signature

KAREN B. MOLZEN
U.S. MAGISTRATE JUDGE
Printed name and title

City and state: Albuquerque, New Mexico

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) |
| | ) |
| Zachary Corneal Haulcy | ) |
| | ) |
| | ) |

### AFFIDAVIT OF HSI SPECIAL AGENT CHRIS MARTIN

The Affiant, Special Agent Chris Martin, from the Department of Homeland Security, Homeland Security Investigations (HSI), being first duly sworn, hereby state as follows:

### I. INTRODUCTION

1. Your Affiant has been employed by Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) since December 21, 2008. Prior to employment with HSI, your Affiant was employed as a Customs and Border Protection Officer at the Detroit and El Paso Ports of Entry from December 2001 to December 2008. Your Affiant has also been employed as Police Officer for the City of El Paso, Texas from April 1996 to December 2001. Your Affiant is currently assigned to the Assistant Special Agent in Charge, Albuquerque, where your Affiant's duties include investigation of individuals involved in the trafficking of illegal narcotics and controlled substances, including violations of Title 21, United States Code, Section 841.

2. During this time, your Affiant has successfully completed twelve weeks of Criminal Investigator training at the Federal Law Enforcement Training Center (FLETC). In addition, your Affiant completed nine weeks of Special Agent training with ICE, also at FLETC. Your Affiant has accumulated the following training and experience: identifying controlled substances, narcotics related investigative techniques, interview and interrogation training, and identifying common methods of packaging and concealment used by narcotics traffickers.

3. Your Affiant has participated in the execution of approximately fifty search warrants of residences utilized by narcotics traffickers. The Affiant has also participated in over one hundred arrests for drug related offenses. Your Affiant is empowered by law to conduct investigations and make arrests of persons involved in violations of Title 21 of the United States Code.

4. Your Affiant will show there is probable cause in support of a criminal complaint against Zachary Corneal Haulcy for violations of 21 U.S.C. § 841 (a)(1), (b)(1)(A), that being Possession with Intent to Distribute, 500 grams or more of Methamphetamine mixture and 21 U.S.C. § 841 (a)(1), (b)(1)(B), that being Possession with Intent to Distribute, 100 grams or more of Heroin, both controlled substances.

5. The statements contained in this affidavit are based on upon your Affiant's investigation, training, experience, and information provided by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, your Affiant has not included each and every fact known to me concerning this investigation. Your Affiant has set forth only the facts that your Affiant believes are necessary to establish probable cause to support a criminal complaint against Zachary Corneal Haulcy, in violations of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 841 (a)(1), (b)(1)(B).

## II. RELEVENT STATUTES

6. This investigation concerns alleged violations of 21 U.S.C. § 841.

## III. DETAILS OF INVESTIGATION

7. On January 15, 2016, at approximately 0854 hours, Border Enforcement Security Task Force Officer P. Rael, who is employed as a full-time commissioned Bernalillo County Sheriff's Department Deputy, driving a Bernalillo County Sheriff's Department Police Unit with lights and sirens, initiated a traffic stop of a maroon Saturn Ion, with Nevada license plates of "850ATF". Officer Rael stopped the vehicle, which was eastbound on Interstate 40 at mile post 137, for violation of New Mexico State Statute 66-7-318, to wit; Following Too Close.

8. Officer Rael made contact and identified the driver, and sole occupant of the vehicle, as Zachary Corneal Haulcy. Officer Rael explained the reason for the stop. Haulcy provided Officer Rael with a California Driver's License, number "A3704583" and a rental agreement from Las Vegas, Nevada for the vehicle. Officer Rael observed Haulcy hands to be shaking as Haulcy handed the documents to Officer Rael. Officer Rael also observed Haulcy to be so nervous that Haulcy stated he had rested in Albuquerque. Officer Rael noted in his investigation report Haulcy was stopped prior to his arrival in the Albuquerque Metro area. Officer Rael requested Haulcy exit the vehicle and join him at Officer Rael's police unit.

9. While at the police unit, Officer Rael began writing the citation for the violation of New Mexico law. As Officer Rael was writing the citation for the violation, he

engaged Haulcy in conversation regarding Haulcy's travel and the discrepancy of addresses on the rental agreement and the driver's license provided by Haulcy.

10. Haulcy stated he had moved from California to Las Vegas due to acquiring new employment with "Zappos", which Haulcy later described as a call center. Haulcy later stated he had not started working and had not yet moved, although the rental agreement provided Haulcy had a residential address of 3654 Olive Street, Las Vegas, Nevada. The rental agreement also indicated Haulcy picked up the rental vehicle from Valley Xpress Car Rental on January 14, 2016 with a return date of January 18, 2016.

11. Haulcy stated he was travelling from Las Vegas, Nevada to Shreveport, Louisiana to pick up family members who were returning with him to Las Vegas. Haulcy then advised he was only staying the weekend in Louisiana and would return to Las Vegas with his family members. Officer Rael noted the approximate travel time from Las Vegas, Nevada to Shreveport, Louisiana is twenty (20) hours.

12. With Haulcy's permission, Officer Rael checked the Vehicle Identification Number of the vehicle and noticed what appeared to be personal keys attached to the rental keys. Officer Rael also noticed there was not any luggage in the back seat, and only found a hanging garment bag.

13. Officer Rael completed a warning citation for the traffic violation which was provided to Haulcy. Officer Rael returned Haulcy's identification and paperwork. As Haulcy was returning to the rental vehicle, Officer Rael asked to speak with Haulcy further to which Haulcy agreed.

14. Officer Rael began to speak to Haulcy about his travel plans. Haulcy again stated he was travelling to Louisiana to pick up his cousins, who were going to return with Haulcy to Las Vegas. Officer Rael asked Haulcy about luggage at which time Haulcy replied he had a bag in the trunk.

15. Officer Rael then asked Haulcy if there were any weapons, large amounts of money, marijuana, cocaine, methamphetamine or heroin in the vehicle. Officer Rael noted Haulcy said no to each. Officer Rael advised he observed Haulcy to become increasingly nervous when asked about the possibility of drugs in the vehicle.

16. Officer Rael requested consent to search the rental vehicle and received both verbal and written consent to search from Haulcy. Officer Rael explained he was going to deploy his canine to complete a "sniff" of the vehicle.

17. Officer Rael deployed his canine "Terri", who is trained to detect the odors of marijuana, cocaine, methamphetamine, heroin and their derivatives, on the exterior and interior of the vehicle. Officer Rael noted "Terri" provided an alert to the trunk and backseat of the vehicle.

18. During a subsequent search of the vehicle, Officer Rael found three long black wrapped bundles between the trunk carpeting and the side walls. These bundles were found to contain white crystal shards. Officer Rael, through training and experience, suspected the shards to be methamphetamine. The white crystal shards in the bundles were later field tested and tested positive for the properties of methamphetamine, and found to have an approximate aggregate weight of 1475.9 grams.

19. Officer Rael also found a plastic wrapped compressed brick, under the back seat, which was later found to contain a substance which field tested positive for the properties of heroin, and found to have an approximate aggregate weight of 1097.8 grams.

20. Haulcy was taken into custody and transported to the Albuquerque Homeland Security Investigations Office for processing. Haulcy was subsequently booked into the Prisoner Transport Center located in Albuquerque, New Mexico.

## V. CONCLUSION

21. ~~20.~~ Based upon the aforementioned facts, your Affiant submits there is probable cause for the arrest of Zachary Corneal Haulcy having violated 21 U.S.C. § 841 (a)(1), (b)(1)(A), that being Possession with Intent to Distribute, 500 grams or more of Methamphetamine mixture, and 21 U.S.C. § 841 (a)(1), (b)(1)(B), that being Possession with Intent to Distribute, 100 grams or more of Heroin, controlled substances. Your Affiant respectfully requests a criminal complaint in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. FURTHER AFFIANT SAYETH NOT.

Chris Martin, Special Agent
Homeland Security Investigations

Sworn to and subscribed before me this 27th day of January 2016 in Albuquerque, New Mexico.

Page 4 of ~~5~~ 4

**KAREN B. MOLZEN**
**U.S. MAGISTRATE JUDGE**